IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| IESHA CAMPBELL, | ) | CA NO.:   3:24-cv-5114-SAL |
| | ) | |
| Plaintiff, | ) | **COMPLAINT FOR DECLARATORY** |
| v. | ) | **RELIEF** |
| | ) | |
| PROGRESSIVE NORTHERN INSURANCE COMPANY, | ) ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff, Iesha Campbell, for her Complaint against Defendant Progressive Northern Insurance Company, states as follows:

1. Plaintiff Iesha Campbell ("Campbell") is a citizen and resident of South Carolina.

2. Upon information and belief, Defendant Progressive Northern Insurance Company ("Progressive") is a corporation organized under the laws of the State of Wisconsin with its principal place of business in the State of Ohio.

3. This is an action for declaratory judgment pursuant to Federal Declaratory Judgment Act, U.S.C. § 2201 and Federal Rules of Civil Procedure, Rule 57, for the purposes of determining a question of actual controversy between the parties as hereinafter more fully pled.

4. The Court has jurisdiction pursuant to 28 U.S.C. §1332, as the parties are citizens and residents of different states and the amount in controversy exceeds $75,000.00, exclusive of interests in costs.

5. The Columbia Division of the United States Discrict Court for the District of

South Carolina is the appropriate Division with which to bring this action because: a) a substantial part of the events and omissions giving rise to the claim occurred within the Division; and, b) the corporate Defendant does business relating to the events and omissions alleged within the Division.

6. At all times relevant to this Complaint non-party T-Square Logistics, LLC, did business as a registered motor carrier bearing USDOT Number 33151437 and was authorized to transport goods or property for hire interstate commerce by issuance of MC-Number 1071540.

7. At all times relevant to this Complaint, T-Square Logistics, LLC was an authorized commercial motor carrier operating commercial motor vehicles in interstate commerce.

8. Progressive offered to sell and did sell T-Square Logistics, LLC a policy of commercial automobile insurance under policy number 953592370 for a policy period of November 11, 2021 to November 11, 2022 ("The Policy").

9. Progressive received payment from T-Square for said coverage.

10. Progressive thus entered into a legally binding contract for liability insurance coverage with T-Square.

11. The Policy as set forth above contractually binds Progressive to provide liability insurance coverage to T-Square Logistics, LLC.

12. The Policy provides liability coverage for personal injuries suffered as the result of T-Square's negligent acts in operating a commercial motor vehicle.

13. The Policy, as outlined above, sets forth bodily injury limits of $1,000,000.00.

14. By virtue of the Federal Motor Carrier Safety Regulations, specifically Sections 29 and 30 of the Motor Carrier Act of 1980 and T-Square Logistics, LLC's status as a commercial motor carrier, The Policy included a Form MCS-90 Endorsement.

15. A copy of an example Form MCS-80 is attached as Exhibit A.

16. The MCS-90 Endorsement provides that as follows:

> The insurance policy to which this endorsement is attached provides automobile liability insurance and is amended to assure compliance by the insured, within the limits stated herein, as a motor carrier of property, with Sections 29 and 30 of the Motor Carrier Act of 1980 and the rules and regulations of the Federal Motor Carrier Safety Administration (FMCSA).
>
> In consideration of the premium stated in the policy to which this endorsement is attached, the insurer (the company) agrees to pay, within the limits of liability described herein, any final judgment recovered against the insured for public liability resulting from negligence in the operation, maintenance or use of motor vehicles subject to the financial responsibility requirements of Sections 296 and 30 of the Motor Carrier Act of 1980 *regardless of whether or not each motor vehicle is specifically described in the policy* . . .

(Exhibit A)(emphasis added).

17. The MCS-90 Endorsement defines "public liability" as "liability for bodily injury, property damages, and environmental restoration."

18. T-Square Logistics, LLC is the "insured" within the meaning of the MCS-90 Endorsement attached to The Policy.

19. On or about December 31, 2021, Plaintiff Campbell was involved in a collision with a vehicle owned and operated by T-Square Logistics, LLC.

20. Plaintiff suffered bodily injuries in the December 31, 2021 collision with the

T-Square Logistics, LLC commercial vehicle.

21. At the time of the collision, The Policy was in full force and effect.

22. Plaintiff and T-Square Logistics, LLC reported the collision and Plaintiff's injury claims to Defendant Progressive.

23. Despite the existence of The Policy provisions and the MCS-90 Endorsement, Defendant Progressive denied to indemnify or defend T-Square Logistics, LLC.

24. On August 10, 2022, Defendant Progressive mailed a letter to T-Square Logistics, LLC outlining the reasons for its denial of coverage and refusal to defend or indemnify T-Square Logistics, LLC. (Exhibit B).

25. Exhibit B summarized the reasons for the coverage denial as follows:

> In the course of our investigation, the following coverage issue(s) was/were identified. The 2020 International (VIN: 1HTEUMML1LH437147) involved in this loss does not meet the definition of an "insured auto. The involved vehicle was an additional vehicle rented to accommodate an influx of business for T-square logistics and it does not meet the definition of a "temporary substitute auto or replacement auto " as defined by the applicable commercial auto policy language above.
>
> As the vehicle did not meet the definition of an insured auto or temporary substitute or eplacement auto Progressive is unable to afford coverage for all or part of this loss and will not be responsible to pay for bodily injury liability and property damage liability for Iesha Campell. Also, we will not be responsible to pay for any collision damages to the 2020 International (VIN: 1HTEUMML1LH43714).

26. Nowhere in Exhibit B did Defendant Progressive reference or mention the existence of the MCS-90 Endorsement, nor its assurance to provide payments for bodily injury "regardless of whether or not each motor vehicle is specifically described in the policy . . ."

27. Defendant Progressive did not file a Declaratory Judgment Action and has not received a judicial determination that its decision to refuse coverage and refuse to defend or indemnify T-Square Logistics, LLC was lawful.

28.  In 2023, Plaintiff filed suit against T-Square Logistics, LLC in the Richland County Court of Common Pleas in an action styled *Iesha Campbell v. T-Square Logistics, LLC, et al* and bearing civil action number 2023-CP-40-02949 (The Underlying Action").

29.  Plaintiff properly served the Summons and Complaint in the Underlying Action on T-Square Logistics, LLC.

30.  Defendant Progressive, consistent with Exhibit B, refused to defend or indemnify T-Square Logistics, LLC, in The Underlying Action.

31.  As a result of Defendant Progressive's refusal to defend T-Square Logistics, LLC in the Underlying Action, T-Square Logistics, LLC was held in default.

32.  Following T-Square Logistics LLC's default, Plaintiff proceeded to a default damages hearing and received an Order of Default Judgment Against T-Square Logistics, LLC. (Exhibit C).

33.  Exhibit C is a final judgment recovered against T-Squire Logistics, LLC for public liability resulting from negligence in the operation, maintenance or use of T-Square Logistics, LLC's motor vehicles within the meaning of the MCS-90 Endorsement.

34.  The final judgment amount against T-Square Logistics, LLC is $846,454.02, plus applicable costs and post judgment interest, which continues to accrue.

35.  Under the terms of The Policy, including but not limited to the MCS-90 Endorsement, Defendant Progressive is required to provide coverage to Defendant T-Square Logistics, LLC and to pay the final judgment in Exhibit C, up to the limits of $1,000,000.00 as outlined in The Policy.

36. That even if there is a determination that The Policy does not afford coverage to the Defendant T-Square Logistics, LLC, Defendant Progressive must provide coverage of as required under the MCS-90 endorsement.

### FOR A FIRST CAUSE OF ACTION
### (Declaratory Judgment)

37. Plaintiff restates the foregoing allegations of this Complaint and incorporates the same by reference.

38. The Policy affords coverage for the collision referenced above, including coverage for Plaintiff's bodily injuries.

39. That Defendant Progressive has a duty to indemnify T-Square Logistics, LLC for the final judgment in The Underlying Action, including interest and costs.

40. The MCS-90 obligates Defendant Progressive to pay the final judgment in The Underlying Action, including interest and costs.

**(REMAINDER OF PAGE INTENTIONALLY BLANK)**

Wherefore, Plaintiff having set forth a claim against the Defendants, respectfully requests this Court enter judgment in her favor as set forth hereinabove and for such other and further relief as is just and proper.

                              THE CAROLINA LAW GROUP, LLC

                              *s/W. Hugh McAngus, Jr.*
                              W. Hugh McAngus, Jr. (SC Bar 74941)
                              824 Meeting Street
                              West Columbia, South Carolina 29169
                              (803) 881-1110
                              hugh@scclg.com

                              LAW OFFICES OF KENNETH E. BERGER
                              Bradley L. Lanford (SC Bar #70223)
                              5205 Forest Drive
                              Columbia, SC 29206
                              803-790-2800
                              blanford@bergerlawsc.com

                              Attorneys for Plaintiff

September 16, 2024